

1

2

3

4

5

6

7

8

9                       **IN THE UNITED STATES DISTRICT COURT**

10                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

11

12   SEVAN KAYAIAN,                              CASE NO. CV F 06-1636 AWI LJO

13                    Plaintiff,              _____  **FINDINGS AND RECOMMENDATIONS TO**
                                                           **DISMISS ACTION**
14           vs.

15   U.S. MARSHALS,

16                    Defendant.
     _____/
17

18                              **INTRODUCTION**

19          Plaintiff Sevan Kayaian ("plaintiff") proceeds pro se and in forma pauperis and on November

20   14, 2006, filed an untitled document which this Court construes as a complaint ("complaint") against

21   the U.S. Marshals.  The complaint lacks a caption, is generally unintelligible and states in part:

22               The U.S. Marshalls [sic] duties [sic] are called every time I come to the Federal
                 Court House.  They escort me to and from where I need to be. . . .
23
                 I demand that they provide me a vehicle, fuel card, cell phone and copies of all
24               records they have on me.

25                              **DISCUSSION**

26                           **Standards For Screening**

27          "A trial court may dismiss a claim sua sponte under Fed.R.Civ.P. 12(b)(6). . . . Such dismissal

28   may be made without notice where the claimant cannot possibly win relief."  *Omar v. Sea-Land Service,*

                                        1

1    *Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *see Wong v. Bell*, 642 F.2d 359, 361-362 (9th Cir. 1981).  Sua

2    sponte dismissal may be made before process is served on defendants.  *Neitzke v. Williams*, 490 U.S.

3    319, 324 (1989) (dismissals under 28 U.S.C. § 1915(d) are often made sua sponte); *Franklin v. Murphy*,

4    745 F.2d 1221, 1226 (9th Cir. 1984) (court may dismiss frivolous in forma pauperis action sua sponte

5    prior to service of process on defendants).

6         This Court shall dismiss an in forma pauperis plaintiff's action at any time if the Court

7    determines the action is frivolous, malicious, fails to state a claim on which relief may be granted, or

8    seeks monetary relief against an immune defendant.  *See* 28 U.S.C. § 1915(e); 2 Schwarzer, Tashima

9    & Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial (2006) Attacking the

10   Pleadings, para. 9:226.1, pp. 9-69.  A court need not accept as true factual allegations in in forma

11   pauperis complaints and may reject "completely baseless" allegations, including those which are

12   "fanciful," "fantastic" or "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32, 112 S.Ct. 1728, 1733

13   (1992).

14        A claim is legally frivolous when it lacks an arguable basis either in law or fact.  *Neitzke v.*

15   *Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-1228 (9th Cir. 1984).  A

16   frivolous claim is based on an inarguable legal conclusion or a fanciful factual allegation.  *Neitzke*, 490

17   U.S. at 324.  A federal court may dismiss a claim as frivolous where it is based on an indisputably

18   meritless legal theory or where the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.

19        The test for maliciousness is a subjective one and requires the court to "determine the . . . good

20   faith of the applicant." *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46 (1915); *see Wright v.*

21   *Newsome*, 795 F.2d 964, 968, n. 1 (11th Cir. 1986).  A lack of good faith is found most commonly in

22   repetitive suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity

23   of suits.  A complaint is malicious if it suggests an intent to vex defendants or abuse the judicial process

24   by relitigating claims decided in prior cases. *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981);

25   *Phillips v. Carey*, 638 F.2d 207, 209 (10th Cir. 1981); *Ballentine v. Crawford*, 563 F.Supp. 627, 628-629

26   (N.D. Ind. 1983); *cf. Glick v. Gutbrod*, 782 F.2d 754, 757 (7th Cir. 1986) (court has inherent power to

27   dismiss case demonstrating "clear pattern of abuse of judicial process").  A lack of good faith or malice

28   also can be inferred from a complaint containing untrue material allegations of fact or false statements

2

1    made with intent to deceive the court. *See Horsey v. Asher*, 741 F.2d 209, 212 (8th Cir. 1984).

2        A complaint, or portion thereof, may be dismissed for failure to state a claim if it appears beyond

3    doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to

4    relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41,

5    45-46 (1957)); *see also Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir.

6    1981).  "[W]hen a federal court reviews the sufficiency of a complaint, before the reception of any

7    evidence either by affidavit or admissions, its task is necessarily a limited one.  The issue is not whether

8    a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support

9    claims." *Scheurer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 1688 (1974); *Gilligan v. Jamco Development

10   Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).

11       The complaint's face reflects deficiencies to prevent plaintiff from offering evidence to proceed

12   on the indecipherable complaint.

13                       **Subject Matter Jurisdictional**

14       Federal courts are courts of limited jurisdiction and lack inherent or general subject matter

15   jurisdiction.  Federal courts can adjudicate only those cases in which the United States Constitution and

16   Congress authorize them to adjudicate. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 114 S.Ct.

17   1673, 1677 (1994); *Finley v. United States*, 490 U.S. 545, 109 S.Ct. 2003, 2008 (1989).  Federal courts

18   are presumptively without jurisdiction over civil actions, and the burden to establish the contrary rests

19   upon the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377; 114 S.Ct. at 1677.  Lack of subject

20   matter jurisdiction is never waived and may be raised by the court sua sponte. *Attorneys Trust v.

21   Videotape Computer Products, Inc.*, 93 F.3d 593, 594-595 (9th Cir. 1996).  "Nothing is to be more

22   jealously guarded by a court than its jurisdiction.  Jurisdiction is what its power rests upon.  Without

23   jurisdiction it is nothing." *In re Mooney*, 841 F.2d 1003, 1006 (9th Cir. 1988).

24       F.R.Civ.P. 8 establishes general pleading rules and provides in pertinent part:

25           (a) Claims for Relief.  A pleading which sets forth a claim for relief . . . shall
             contain (1) a short and plain statement of the grounds upon which the court's jurisdiction
26           depends, unless the court already has jurisdiction and the claim needs no new grounds
             of jurisdiction to support it, (2) a short plain statement of the claim showing that the
27           pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader
             seeks.

28

                                    3

1      . . .

2          (e)     Pleading to be Concise and Direct; Consistency.

3          (1)     Each averment of a pleading shall be simple, concise and direct.

4      The complaint alleges neither grounds for nor facts to support this Court's jurisdiction.  The

5  complaint reveals no grounds to properly invoke this Court's jurisdiction.

6                                     **Pleading Deficiencies**

7      A pleading may not simply allege a wrong has been committed and demand relief.  The

8  underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "grounds

9  upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47-48, 78 S.Ct. 99, 103 (1957); *Yamaguchi v.*

10 *United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997).  Although a complaint need

11 not outline all elements of a claim, "[i]t must be possible . . . for an inference to be drawn that these

12 elements exist." *Walker v. South Central Bell Telephone Co.*, 904 F.2d 275, 277 (5th Cir. 1990); *Lewis*

13 *v. ACB Business Service, Inc.*, 135 F.3d 389, 405-406 (6th Cir. 1998).  Despite the flexible pleading

14 policy of the Federal Rules of Civil Procedure, a complaint must give fair notice and state the elements

15 of the claim plainly and succinctly.  *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir.

16 1984).  A plaintiff must allege with at least some degree of particularity overt facts which defendant

17 engaged in to support plaintiff's claim.  *Jones*, 733 F.2d at 649.

18     The complaint makes indecipherable references to U.S. Marshal escorts and treatment like a

19 criminal.  The complaint is unintelligible and alleges no specific claims against a personalized defendant

20 or a particular defendant.  The complaint fails to provide fair notice and to state facts to support elements

21 of particular claims.  The complaint seeks no clear relief which this Court may award.

22                                     ***Bivens* Claims**

23     The complaint is unclear whether it attempts to allege claims pursuant to *Bivens v. Six Unknown*

24 *Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which provides a remedy for

25 violation of civil rights by federal actors.  Under the doctrine of sovereign immunity, a *Bivens* action will

26 not lie against the United States, its agencies, or federal agents in their official capacity.  *See FDIC v.*

27 *Meyer*, 510 U.S. 471, 486 (1994); *Vaccaro v. Dobre*, 81 F.3d 854, 857 (9th Cir. 1996); *Cato v. United*

28 *States*, 70 F.3d 1103, 1110 (9th Cir. 1995).  To the extent that federal officers are sued in their official

                                              4

1    capacity, such claims are barred by the doctrine of sovereign immunity. *Gilbert v. DaCrossa*, 756 F.2d

2    1455, 1458 (9th Cir. 1985). Although sovereign immunity does not bar damages actions against federal

3    officials in their individual capacities, an individual may not be held liable in a *Bivens* action on the

4    theory respondeat superior. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (citations omitted).

5        To the extent it attempts to do so, the complaint fails to allege cognizable, viable *Bivens* claims.

6                                              **Malice**

7        This Court is concerned that plaintiff has brought this action in absence of good faith and

8    attempts to take advantage of cost-free filing to vex an insufficiently identified defendant. Plaintiff has

9    filed in this Court similar actions entitled *Sevan Kayaian v. State of California*, Case No. CV F 06-1594

10   AWI LJO and *Sevan Kayaian v. United States*, Case No. CV F 06-1595.[1] Such attempt to vex provides

11   further grounds to dismiss this action.

12                                **RECOMMENDATION AND ORDER**

13       For the reasons discussed above, this Court RECOMMENDS to DISMISS this action without

14   prejudice on grounds that: (1) the complaint fails to establish this Court's subject matter jurisdiction;

15   (2) the complaint fails to state a claim upon which relief may be granted; and (3) a further attempt at

16   amendment is unwarranted based on the complaint's unintelligible statements.

17       These findings and recommendations are submitted to the United States district judge assigned

18   to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72-304. No later than

19   December 1, 2006, plaintiff may file written objections to these findings and recommendations with the

20   Court and in compliance with this Court's Local Rule 72-304(b). Such a document should be captioned

21   "Objections to Magistrate Judge's Findings and Recommendations." The district court will then review

22   the magistrate judge's ruling, pursuant to 28 U.S.C. § 636(b)(1)(c)). Plaintiff is admonished that failure

23   to file objections within the specified time may waive the right to appeal the district court's order.

24   *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

25       **Plaintiff is admonished not to attempt to file an amended complaint as plaintiff's recourse**

26   **is to object to these findings and recommendations. Plaintiff is further admonished this Court will**

27   _____

28       [1]       In total, plaintiff filed eight actions during November 8-14, 2006 without prepayment of fees. The actions appear intended to vex various potential defendants.

1  strike any papers to attempt to file an amended complaint unless this Court specifically grants

2  plaintiff permission to file an amended complaint.

3       IT IS SO ORDERED.

4  **Dated:    November 17, 2006          /s/ Lawrence J. O'Neill**
   66h44d                              UNITED STATES MAGISTRATE JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28